UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE HALL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-1523 (CEJ) |
| | ) | |
| BAYER CORP. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand the action to the state court from which it was removed. Defendants have filed a response in opposition, a motion to dismiss the claims of all non-Missouri plaintiffs for lack of personal jurisdiction, and a motion to sever the plaintiffs' claims. Both sides have filed notices of supplemental authority, which the Court has reviewed. All issues are fully briefed.

### I.      Background

On July 28, 2016, 94 individuals filed suit in the Twenty-Second Judicial Circuit (St. Louis City) seeking damages for injuries arising from use of Essure, an implanted birth control device manufactured by defendants. Plaintiffs are citizens of several states, including Missouri, Indiana, Pennsylvania, and New Jersey. Defendant Bayer Corporation is a citizen of Indiana, where it is incorporated, and Pennsylvania, where it has its principal place of business; defendant Bayer HealthCare LLC, is a limited liability company formed under the laws of Delaware whose nine members are citizens of Delaware, New Jersey, Pennsylvania, the

Netherlands, and Germany; defendants Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc., are citizens of Delaware and New Jersey; and Bayer AG is a citizen of Germany. [see Notice of Removal, Doc. # 1 at ¶¶ 23-27]. Defendants removed the case to this Court invoking jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and mass action jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

## II. Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

## III. Discussion

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001). Defendants argue that, in this case, the Court should dismiss the claims of

the non-Missouri plaintiffs for lack of personal jurisdiction before addressing subject matter jurisdiction.[1]

Under <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574 (1999), the Court has discretion to determine whether to consider its subject-matter jurisdiction or personal jurisdiction first. Where, as here, the inquiry into subject matter jurisdiction is not arduous, the better course is to address that issue first. <u>See</u> <u>id.</u> at 587–88 ("[B]oth expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [subject matter jurisdiction] first.") Courts in this district addressing cases removed on the basis of similar personal-jurisdiction arguments have found it appropriate to address the issue of subject matter jurisdiction first. <u>See, e.g.</u>, <u>Mounce v. Bayer Corp.</u>, No. 4:16-CV-1478 (RLW), 2016 WL 7235707 (E.D. Mo. Dec. 13, 2016); <u>Dorman v. Bayer Corp.</u>, No. 4:16-CV-601 (HEA), 2016 WL 7033765 (E.D. Mo. Dec. 2, 2016); <u>Fahnestock v. Boehringer Ingelheim Pharm., Inc.</u>, No. 4:16-CV-1013 (CEJ), 2016 WL 4397971, at *1 (E.D. Mo. Aug. 18, 2016); <u>Timms v. Johnson & Johnson</u>, No. 4:16-CV-733 (JAR), 2016 WL 3667982 (E.D. Mo. July 11, 2016); <u>Joseph v. Combe Inc.</u>, No. 4:16-CV-284 (RLW), 2016 WL 3339387 (E.D. Mo. June 13, 2016); <u>Nickerson v. Janssen Pharm., Inc.</u>, No. 4:15-CV-1762 (RLW), 2016 WL 3030241 (E.D. Mo. May 26, 2016); <u>Adler v. Boehringer Ingelheim Pharm., Inc.</u>, No. 4:16-CV-155 (RWS), Memorandum and Order (E.D. Mo. Mar. 28, 2016) [Doc. #18]; <u>Clark v. Pfizer</u>, No. 4:15-CV-456 (HEA), 2015 WL 4648019 (E.D. Mo. Aug. 5, 2015); <u>Parker v. Pfizer, Inc.</u>, No. 4:15-CV-441 (CAS), 2015 WL 3971169 (E.D. Mo. June 30, 2015); <u>Littlejohn v. Janssen</u>

---

[1] Defendants do not dispute that this Court has personal jurisdiction with respect to the claims of the Missouri plaintiffs. They contend, however, that the non-Missouri plaintiffs cannot piggyback on this personal jurisdiction.

Research & Dev., LLC, No. 4:15-CV-194 (NAB/CDP), 2015 WL 1647901 (E.D. Mo. Apr. 13, 2015). The Court agrees that it is appropriate to determine whether it has subject matter jurisdiction before addressing the issue of personal jurisdiction.

### A. Diversity Jurisdiction

Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

The doctrine of fraudulent joinder is an exception to the complete diversity rule. In re Prempro, 591 F.3d at 620. "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1031 (8th Cir. 2012), as corrected (Nov. 28, 2012). Defendants argue that the nondiverse plaintiffs are fraudulently joined because the Court does not have personal jurisdiction over defendants for the claims brought by the non-Missouri plaintiffs.

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." In re Prempro, 591 F.3d at 620. To prove fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Knudson v. Sys. Painters, Inc., 634 F.3d 968, 980 (8th Cir.

2011) (quoting <u>Filla v. Norfolk S. Ry. Co.</u>, 336 F.3d 806, 810 (8th Cir. 2003)). "[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." <u>Id.</u> (emphasis in original). Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" <u>Id.</u> (quoting <u>Filla</u>, 336 F.3d at 811).

Courts in this district have repeatedly held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. <u>See</u> <u>Mounce</u>, 2016 WL 7235707, at *3; <u>Adler</u>, No. 4:16-CV-155 at 4; <u>Joseph v. Combe Inc.</u>, 2016 WL 3339387, at *2; <u>Triplett v. Janssen Pharms., Inc.</u>, No. 4:14-CV-2049 (AGF), at 9 (E.D. Mo. July 7, 2015) [Doc. #30] (finding defendants' personal jurisdiction argument failed to address whether nondiverse plaintiffs had colorable claims as required to show fraudulent joinder); <u>Gracey v. Janssen Pharms., Inc.</u>, No. 4:15-CV-407 (CEJ), 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (rejecting defendants' attempt to premise a fraudulent joinder argument on the state court's alleged lack of personal jurisdiction); <u>Littlejohn</u>, 2015 WL 1647901, at *1; <u>Simmons v. Skechers USA, Inc.</u>, No. 4:15-CV-340 (CEJ), 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015) (rejecting defendants' argument that the "theory of fraudulent joinder—an inquiry into substantive viability of claims—countenances a procedural challenge to a court's personal jurisdiction over a defendant.") Furthermore, this Court has determined "[o]n numerous occasions . . . that the joinder of plaintiffs alleging injury from a single drug is not 'egregious,' because common issues of law and fact connect the plaintiffs' claims." <u>Robinson v. Pfizer Inc.</u>, No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *4 (E.D. Mo. Apr. 29, 2016) (collecting cases). In this case, common

issues of law and fact are likely to arise because the plaintiffs all allege that they sustained injuries from the use of Essure. Defendants have failed to meet their burden to establish that plaintiffs' claims are fraudulently joined.

### B.    Federal Question Jurisdiction

Defendants also argue that federal question jurisdiction exists under 28 U.S.C. § 1331, which provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A claim "arises under" federal law if a federal question is presented on the face of the well-pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Federal question jurisdiction is generally invoked by plaintiffs who have pleaded a cause of action created by federal law. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). However, the Supreme Court has recognized "that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Id. Specifically, "[f]ederal question jurisdiction is available only where (1) the right to relief under state law depends on the resolution of a substantial, disputed federal question, and (2) the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress." Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 779 (8th Cir. 2009).

Defendants  contend that plaintiffs' claims require a determination of whether defendants violated federal regulatory requirements. In other removed Essure device cases, courts in this district has consistently rejected defendants' federal question jurisdiction argument. See, *e.g.*, Dotson v. Bayer Corp., No. 4:16-CV-1593

(PLC), 2017 WL 35706, at *6 (E.D. Mo. Jan. 4, 2017); <u>Williams v. Bayer Healthcare, LLC</u>, No. 4:16-CV-1105 (RLW), 2016 WL 7235701, at *4 (E.D. Mo. Dec. 13, 2016) (holding that no federal question arose because plaintiffs were required to plead that defendants violated federal law "to escape preemption"); <u>Dorman</u>, 2016 WL 7033765, at *3-4; <u>Johnson v. Bayer Corp.</u>, No. 4:16-CV-729 (CEJ), 2016 WL 3015187, at *2-3 (E.D. Mo. May 26, 2016).

### C. Mass Action Jurisdiction

Defendants argue this case is part of a "mass action" under CAFA. CAFA allows removal to federal court of mass actions defined, in relevant part, as civil actions in which 100 or more individuals pursue claims for monetary relief and there is a proposal to try the claims "jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). "[S]tate court plaintiffs with common claims against a common defendant may bring separate cases with fewer than 100 plaintiffs each to avoid federal jurisdiction under CAFA – unless their claims are 'proposed to be tried jointly.'" <u>Atwell v. Boston Sci. Corp.</u>, 740 F.3d 1160, 1162-63 (8th Cir. 2013) (<u>quoting</u> 28 U.S.C. § 1332(d)(11(B)(i)).

In this case, there are fewer than 100 plaintiffs and the record does not support a finding that there is a proposal to try this case jointly with any other pending Essure device case. Therefore, CAFA's mass action provision does not support the Court's exercise of removal jurisdiction.

*  *  *  *  *

Based on the foregoing, the Court finds that subject-matter jurisdiction is lacking and this action must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #12] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2017.